Opinion by
Willson, J.
§ 618. Allegation and proof must correspond; ownership of property destroyed or injured, in suit for damages therefor, must he proved as alleged; case stated. Appellee brought this suit in her own name and right, to recover of appellant the value of a horse, which she alleged belonged to her, and which she alleged had been killed by appellant’s train of cars. She recovered judgment for the value of the horse, etc. Appellant assigns but two errors, as follows-: “1. The verdict and judgment are contrary to' the law and evidence, in this, that the testimony was clear and uncontradicted that the animal, the value of which was sued for, was the property of the estate of J. W. Oates, deceased, and not of the plaintiff in this suit.” “2. The court erred in charging the jury that Mrs. J. W. Oates was authorized, under the will of J. W. Oates, deceased, to maintain this suit in her own name.” It appears from the evidence that J. *544 W. Oates was the owner of the horse when the same was killed; that thereafter, before the institution of this suit, he died, leaving a will, which gave appellee, his surviving widow, control of all his estate, and appointing her sole executrix, without bond. She had this will duly probated, and filed an inventory and appraisement of the estate in accordance with law, in which was included the claim for damages in this case. It is evident that the allegation of ownership and the proof thereof do not correspond. Appellee alleged that the horse, at the time he was killed, was her property. She was not entitled to recover without proving this allegation. Instead of proving it, she proved the contrary; that her husband, J. W. Oates, owned the horse, and that upon the death of her husband this claim for damages was the property of his estate, and was inventoried as such by her. While by the provisions of the will she was given the control of the property of the estate, still the absolute title thereto was not vested in her alone. It was provided therein that the children of the deceased should take certain portions of it upon attaining majority. If she had become the sole and absolute owner of this claim for damages upon the death of her husband, she would have been entitled to maintain this suit in her own name and right; but even in that case she would have been required to allege ownership in accordance with the facts, and would not have been permitted to allege her ownership of the horse, and recover upon proof that her husband was the owner thereof. The right of action accrued to her husband and' not to- her, and it was incumbent upon her to allege and prove the facts as they existed, which gave her a right of action. It is a familiar rule of law that the allegation and the proof, as to material matters, must correspond, and that the plaintiff must recover, if at all, upon the case made by the pleadings. [W. & W. Con. Rep. § 299.] If appellee had sued in her representative capacity, alleging the ownership of the cause of action to be in the estate she represented,-there *545 would have been no obstacle to her recovery. But, having seen proper to sue in her individual right, it was error to render judgment in her favor, when the evidence showed that the cause of action was not her property. Both assignments of error are well taken.
March 5, 1885.
Reversed and remanded.